# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:10-cv-01921-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED** |
| v. | |
| JOHN ORDONEZ, | (Docket No. 11) |
| Defendant. | **OBJECTIONS DUE: 15 DAYS** |

## I. INTRODUCTION

On October 13, 2010, the United States of America ("Plaintiff") filed a complaint asserting that John Ordonez ("Defendant") executed a promissory note for student loans, which Defendant has failed to repay. Plaintiff asserts that Defendant owes the unpaid principal, accrued interest, and late charges. Plaintiff filed a declaration from loan analyst Rosie Estrada indicating that, as of June 19, 2009, Defendant owed Plaintiff $189,095.27 in principal and $92,149.19 in interest charges for a total balance owing of $281,245.19. (Doc. 1, Exhibit B.) Interest accrues at the rate of $33.65 per day.

Defendant was served with the complaint on November 11, 2010, but he failed to respond. (Doc. 4.) On February 22, 2011, Plaintiff requested that the Clerk of Court enter Defendant's default, and the default was entered. (Docs. 6, 7.) On April 11, 2011, Plaintiff filed a motion for default

judgment seeking judgment in the amount of $302,080.09 in unpaid principal and accrued interest and $417.00 in costs for a total award of $302,497.09, plus post-judgment interest at the rate of 0.49% per annum, computed daily and compounded annually until paid in full.

On April 28, 2011, Plaintiff filed a supplemental declaration clarifying the original amount of damages sought. (Doc. 13.) On June 19, 2009, the debt was calculated by a debt analyst at the Department of Education as $189,095.27 in principal and $92,149.92 in interest. Therefore, the total debt was as $281,245.19 ($189,095.27 + 92,149.92). (Doc. 1, Exhibit B.) The principal debt continued to accrue interest at the rate of 6.5 percent per annum or $33.65 per day. Plaintiff asserts that 613 days have passed between June 19, 2009, and the date default was entered in this matter on February 22, 2011. Therefore, to determine the amount of interest that has accrued between June 19, 2009, and February 22, 2011, Plaintiff multiplied the number of days (613 days) by the daily accrued interest ($33.65 per day). The total amount of the accrued interest since June 19, 2009, is $20,627.45 ($33.65 x 613). Adding this interest to the total amount of the debt as calculated on June 19, 2009 ($281,245.19), results in a total debt amount of $301,872.64 ($281,245.19 + $20,627.45).

The costs and fees of the suit amount to $417.00. (Doc. 11, 2:8.) Thus, the total amount sought in default judgment is $302, 289.64 ($301,872.64 + 417.00), plus post-judgment interest in the amount of 0.49% per annum, computed daily and compounded annually until paid.

### III.  DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "Eitel factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The *Eitel* factors include the following: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action,

(5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

A plaintiff is required to prove all damages sought in the complaint. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See TeleVideo Sys., Inc.*, 826 F.2d at 917.

**B.     Analysis**

**1.     Possibility of Prejudice**

If default judgment is not entered, Plaintiff will effectively be denied a remedy until such time as Defendant participates and makes an appearance in the litigation – which may never occur. Denying Plaintiff a means of recourse represents a sufficient possibility of prejudice that weighs in favor of granting default judgment. *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

**2.     Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The next relevant *Eitel* factors include the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint. In considering the adequacy of the complaint, courts consider whether it is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotations omitted). Plaintiff's claim is for breach of a promissory note under 20 U.S.C. §§ 1071 *et seq.* related to educational loans. Plaintiff has adequately set forth that Defendant and Plaintiff entered into a loan agreement whereby Plaintiff

furnished funds for Defendant's benefit which Defendant agreed to repay pursuant to the terms of a promissory note executed by Defendant. (*See* Doc. 1, Exhibit A, p. 14.) Therefore, the Court finds that Plaintiff's claims appear to have substantive merit, and the complaint is sufficiently well-pled such that these factors support the entry of default judgment.

### 3. The sum of money at stake in the Action

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff seeks a default judgment in the amount of $302, 289.64, which includes costs. While this is a large sum, the amount requested is supported by the terms of the promissory note, and it is not unreasonable in light of Defendant's actions.

### 4. The Possibility of a Dispute Concerning the Material Facts

With regard to this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *TeleVideo Sys.*, 826 F.2d at 917-18, and Defendant has submitted nothing to contradict the well-pled allegations. Accordingly, this favor favors entry of default judgment.

### 5. Whether Default was Due to Excusable Neglect

There is no evidence that Defendant's failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed in consideration of the other applicable factors that weigh in favor of granting default judgment.

///

///

///

## IV. CONCLUSION AND RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court hereby RECOMMENDS that:

1. Plaintiff's motion for default judgment be GRANTED; and
2. Plaintiff be awarded judgment in the amount of $302, 289.64, plus post-judgment interest in the amount of 0.49% per annum pursuant to 28 U.S.C. § 1961.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 11, 2011**              /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE